UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.

AMANDA MAY WALSH, and
MATTHEW JAMES GUNDERSON,

           Defendants.

Case No. 19-CR-0193 (1)(2) (PJS/LIB)

ORDER

---

On March 13, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered a General Order continuing all jury trials through April 27, 2020 and continuing all trial specific deadlines in criminal cases through April 27, 2020. See General Order in re: Court Operations Created by the Exigent Circumstances of COVID-19 (March 13, 2020).[1] Subsequently, on March 17, 2020, the Chief Judge of the U.S. District Court for the District of Minnesota entered General Order No. 2 continuing all criminal proceedings, including grand juries, through April 16, 2020.[2] See General Order No. 2 in re: Court Operations Created by the Exigent Circumstances of COVID-19 (March 17, 2020).

These General Orders, which are hereby incorporated by reference, were imposed based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime

---

[1] All General Orders related to the COVID-19 outbreak may be found on the court's website at www.mnd.uscourts.gov.

[2] General Order No. 2 included the following provisions:
> b. All existing pretrial deadlines are continued until April 16, 2020. Hearings on pretrial motions will also be continued, to be rescheduled by the presiding judge.
> c. All other criminal proceedings, including pleas, sentencings, and hearings on the revocation of supervised release, scheduled to begin before April 16, 2020, are continued and will be rescheduled by the presiding judge.

emergency to coordinate strategy to protect Minnesotans from COVID-19; (3) the strong advice to avoid gatherings of more than 10 people; (4) the COVID-19 restrictions imposed by local detention facilitates that severely reduced the ability of pretrial detainees to have a meaningful consultation with legal counsel; and (5) the COVID-19 restrictions imposed by the Bureau of Prisons that suspended most inmate facility transfers for 30 days. Specifically, Order No. 2 states the following concerning the Speedy Trial Act:

> The Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, to April 16, 2020. The Court may extend the period of exclusion as circumstances may warrant.

For the reasons addressed in the General Orders dated March 13, 2020, and March 17, 2020, and the well-documented concerns about COVID-19, the Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. Accordingly, the time period between March 17, 2020, and April 16, 2020, will be excluded under the Speedy Trial Act, absent further order of the Court.

IT IS SO ORDERED.

Dated: March 30, 2020   s/Patrick J. Schiltz
                         Patrick J. Schiltz
                         United States District Judge